# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**JUSTIN HUNTER COUCH**                                        **PLAINTIFF**
*ADC #165878*

**v.**                          **No: 4:23-cv-01009-KGB-PSH**

**MARQUIS TAYLOR,** *et al.*                              **DEFENDANTS**

## ORDER

Plaintiff Justin Hunter Couch has filed several motions to compel discovery and to extend the time to complete discovery (Doc. Nos. 116, 119, 121 & 123). These motions are DENIED.  On April 16, 2026, the Court denied Couch's motion for discovery and instructed the parties to file a status report on or before May 15, 2026, informing the Court of any outstanding discovery issues.  *See* Doc. No. 115. Counsel for defendants Marquis Taylor, Latrell White, Latasha Williams filed their report and informed the Court that they had responded to all of Couch's requests for production and interrogatories.  *See* Doc. No. 118.  Couch was previously instructed to specifically request any additional documents he needed to prosecute his case. *See* Doc. No. 115; *see also* Doc. No. 97.  But in his status report (Doc. No. 120) and discovery motions (Doc. Nos. 116, 119, 121 & 123), he simply states that he has not received all requested discovery.  He has not specifically described what discovery

he has requested but not received.  The Court therefore DENIES his motions to compel and for more time to conduct discovery.

Additionally, Couch's motion to voluntarily dismiss his claims (Doc. No. 117) is DENIED.  This motion is effectively a settlement offer which should not be filed with the Court.  Further, to the extent Couch is requesting a settlement conference, the Court does not schedule settlement conferences unless both parties request one, and the defendants in this case have not done so.

Couch's motion to appoint counsel (Doc. No. 122) is DENIED without prejudice.  A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action, but the Court may appoint counsel at its discretion.  28 U.S.C. § 1915(e)(1).  The Court has considered Couch's need for an attorney, the likelihood that Couch will benefit from assistance of counsel, the factual complexity of the case, the Couch's ability to investigate and present his case, and the complexity of the legal issues.  In considering these factors, the Court finds that Couch's claims do not appear legally or factually complex, and it appears he is capable of prosecuting his claims without appointed counsel at this time.  Counsel will be appointed at the direction of the Court when and if it is deemed necessary.

Finally, Couch's motion to preserve video evidence from April 8, 2026 (Doc. No. 124), is DENIED because it is unrelated to this case, which has been pending almost three years and concerns an incident that occurred on May 26, 2023.  *See*

Doc. No. 2.  If Couch seeks to bring a retaliation claim based on more recent events, he must file a new lawsuit after exhausting available administrative remedies.  *See* Fed. R. Civ. P. 20(a)(2) (claims that are factually unrelated to one another may not be prosecuted in a single action against multiple defendants); *Johnson v. Jones,* 340 F.3d 624, 628 (8th Cir. 2003) (holding that exhaustion must occur before lawsuit is filed).

IT IS SO ORDERED this 15th day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE